UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80894-CIV-MARRA

STEPHANIE A. KOCH,

Plaintiff,

vs.

ATKINSON, DINER, STONE, MANKUTA,
& PLOUCHA, P.A., a Florida corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief can be Granted (DE 6). Plaintiff Stephanie Koch has filed a response (DE 7). No reply memorandum was filed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Stephanie Koch ("Plaintiff") filed a Complaint alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), claiming that Defendant Atkinson, Diner, Stone, Mankuta & Ploucha, P.A. ("Defendant") failed to comply with section 1692g of the FDCPA.  Specifically, the Complaint alleges as follows:

Defendant is a law firm engaged in the business of collecting consumer debts. (Compl. ¶ 4.)  Defendant sought to collect from Plaintiff a debt owed to Plaintiff's residential community association by sending a demand letter dated July 25, 2011. (Compl. ¶¶ 11-12.)  This letter stated

in part: "This debt will be assumed valid unless you dispute the debt or any portion thereof within forty five (45) days after receipt of this notice." (Compl. ¶ 16; Letter, DE 1-1 and DE 1-2.) The letter did not include the language that the "debt will be assumed to be valid *by the debt collector*" as set forth in 15 U.S.C. § 1692g(a)(3). (Compl. ¶ 17.) (emphasis added.)  The letter also sought payment of Plaintiff's alleged arrears to her community association and cautioned Plaintiff, that if she did not make payment within 45 days, a lien and foreclosure proceedings would be commenced against her property. (Letter, DE 1-1.)

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction because the letter at issue relates to the filing of a lien and foreclosure on a property due to unpaid association fees and therefore is not subject to the requirements of FDCPA.  Defendant also moves to dismiss for failure to state a claim upon which relief can be granted because the letter did not provide Plaintiff with less than 30 days to dispute the fees she owed.  In response, Plaintiff points to caselaw which holds that an arrearage to a community association is a debt subject to the jurisdiction of the FDCPA and Defendant's inaccurate conveyance of the "assumption of validity" is a valid basis for a FDCPA lawsuit.

II.  Legal Standard

Where a motion to dismiss is made on the basis of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, subject matter jurisdiction may be attacked either facially or factually. See McElmurray v. Consolidated Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial attack on a complaint, the Court takes all the allegations in the complaint as true in order to determine whether a plaintiff has adequately

alleged a basis for subject matter jurisdiction. Lawrence, 919 F.2d at 1528-29. Here, Defendant is making a facial attack on the complaint and the Court will take all the allegations in Plaintiff's complaint as true.

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

Defendant moves to dismiss on the basis that the letter sent to Plaintiff related to the filing of a lien and foreclosure on a property due to unpaid association fees, which is not subject to the requirements under the FDCPA. In so moving, Defendant relies on cases holding that foreclosing on a mortgage is not debt collection activity for the purpose of FDCPA. See, e.g., Michaels v. Satish and Wells Fargo Bank, N.A., No. 10-21034-CV, 2011 WL 3439250, at * 3 (S.D. Fla. July 18, 2011); Diaz v. Florida Default Law Group, P.L., No.3:09-cv-524-J-32MCR, 2011 WL 2456049, at * 3 (M.D. Fla. Jan. 3, 2011).

The Court begins its analysis by setting forth the elements of a prima case for a violation of the FDCPA. In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). Here, the Complaint alleges that the debt at issue was incurred for personal, family or household purposes; i.e., Plaintiff's residential community association (Compl. ¶ 11). Defendant, which is a law firm, has mailed a written demand for payment (Letter, DE 1-1, DE 1-2). Under FDCPA, attorneys and law firms may be considered "debt collectors." See Heintz v. Jenkins, 514 U.S. 291 (1995). Lastly, the Complaint alleges Defendant failed to comply with section 1692g of the FDCPA by sending a letter that did not include the language the "debt will be assumed to be valid by the debt collector." (Compl. ¶¶ 16-17.) Based on these allegations, Plaintiff has established a valid claim under the FDCPA.

Next, the Court finds that Defendant's reliance on caselaw holding that foreclosing on a mortgage is not debt collection activity for the purpose of the FDCPA is misplaced. The appropriate inquiry is whether an arrearage to a community association is a debt subject to the jurisdiction of the FDCPA. The Court finds that it is. See Ladick v. Van Gemert, 146 F.3d 1205, 1207 (10th Cir. 1998); Newman v. Boehm, Pearlstein and Bright, Ltd., 119 F.3d 477, 482 (7th Cir.1997); Agan v. Katzman & Korr P.A., 222 F.R.D. 692 (S.D. Fla. 2004); Fuller, 192 F. Supp. 2d at 1368; Thies v. Law Offices of William A. Wyman, 969 F. Supp. 604, 608 (S.D. Cal.1997). The cases cited by Defendant are distinguishable on the basis that those cases only sought the enforcement of a security interest, and not the payment of money. Compare Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460-61 (11th Cir. 2009) ("an enforcer of a security interest such as a mortgage company foreclosing on mortgages on real property falls outside the ambit of the FDCPA") with Newman, 119 F.3d at 479 (letter informing residents that they were in default of association dues and if the amount was not paid within 30 days, proceedings would be commenced to obtain possession of condominium unit, was considered a debt under FDCPA).

Finally, with respect to Defendant's argument that the letter did not provide Plaintiff with less than 30 days to dispute the fees she owed, Plaintiff correctly points out that they are not alleging a FDCPA violation on this basis.[1] Instead, Plaintiff alleges Defendant violated the FDCPA by failing to include language required under section 1692g; specifically, "the debt will assumed to be valid *by the debt collector*." (emphasis added.) As pled, the Complaint

---

[1] For this reason, the Court need not address Defendant's reliance on Florida Statute § 720.3085(4) and (5).

adequately alleges a violation of section 1692g.  See <u>Galuska v. Collectors Training Inst. of Illinois, Inc.</u>, No. 3:07-CV-2044, 2008 WL 2050809, at * 3 (M.D. Pa. May 13, 2008) (letter must include language "by the debt collector" in order to identify the person who would be assuming the debt to be valid); <u>Smith v. Hecker</u>, No. 04-5820, 2005 WL 894812, at * 6 (E.D. Pa. Apr. 18, 2005) (same); <u>see</u> <u>also</u> <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185, 1193-94 (11th Cir. 2010) (employing the "least sophisticated consumer" standard when evaluating a debt collector's communication).

For the foregoing reasons, the Court denies Defendant's motion to dismiss.

<u>IV. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Atkinson, Diner, Stone, Mankuta & Ploucha, P.A.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief can be Granted (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of September, 2011.

_____
KENNETH A. MARRA
United States District Judge